UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

J. ROSE & ASSOCIATES, INC.,

    Plaintiff,

    v.

BAKER MILLS, INC., *et al.*,

    Defendants.

Case No. C17-0634RSL

ORDER DENYING MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTION DEADLINES

    This matter comes before the Court on defendants' "Motion to Amend Pretrial Deadlines and Continue Trial Date[]." Dkt. # 39. The case management order in this matter established a November 5, 2017, discovery cut off and a December 5, 2017, deadline for filing dispositive motions. Although the parties timely served written discovery, they agreed that documents would not be produced until a protective order was in place. That order took months to negotiate and was finally signed on October 3, 2017. Defendants produced responsive documents at the end of October. Despite the anticipated and agreed upon need to extend the discovery deadline, neither party sought an order of the Court, and plaintiff has since reneged on that agreement. Plaintiff ultimately produced its responses to written discovery and served a notice of deposition after the discovery deadline had passed.

    On December 15, 2017, defendants filed this motion to extend the case management deadlines. They argue that the parties had agreed to extend the deadlines so they could participate in mediation before taking depositions, that defendants relied upon that agreement,

ORDER DENYING MOTION FOR
EXTENSION OF DEADLINES - 1

and that an extension of the case management deadlines is warranted to give effect to the parties' former agreement and to promote the efficient and cost-effective resolution of this matter. Plaintiff objects, pointing out that it filed a dispositive motion on the due date and asserting that reopening discovery and forcing it to respond to a belated motion for summary judgment would be costly. Although plaintiff objects to allowing defendants to conduct discovery after November 5, 2017, it argues that it should be permitted to depose defendants' CEO because it has already noted the deposition (whereas defendants opted to file this motion and have not actually issued any deposition notices).

Pursuant to Fed. R. Civ. P. 16(b)(4), case management deadlines established by the Court "may be modified only for good cause and with the judge's consent." The case management order in this case specifically provides that "[t]hese are firm dates that can be changed only by order of the Court, not by agreement of counsel or the parties. The Court will alter these dates only upon good cause shown; failure to complete discovery within the time allowed is not recognized as good cause." Dkt. # 18 at 2. Rule 16 was amended in 1983 to require scheduling orders that govern pre-trial as well as trial procedure. The purpose of the change was to improve the efficiency of federal litigation: leaving the parties to their own devices until shortly before trial was apparently costly and resulted in undue delay. Under the new rule, once a case management schedule issues, changes will be made only if the movant shows "good cause."

> Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met with the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment) . . . .

Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). See also Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087-88 (9th Cir. 2002) (where plaintiff failed to "demonstrate diligence in complying with the dates set by the district court," good cause was not shown).

Neither party demonstrated diligence in this matter. Although both sides recognized that

ORDER DENYING MOTION FOR
EXTENSION OF DEADLINES - 2

their delay in negotiating a protective order and their (formerly agreed) preference for engaging in mediation before conducting depositions would make it impossible to complete discovery by November 5, 2017, neither sought an extension of the applicable deadlines. The case management deadlines are "firm dates" that could only be altered by the Court, not by agreement of the parties. Dkt. # 18 at 2. A vague promise of cooperation in scheduling combined with a hope that the matter could be resolved in mediation does not excuse the failure to comply with the deadlines established by the Court.

Because neither party has demonstrated diligence, the original case management deadlines remain in place. The parties' requests for extensions of time are DENIED. Plaintiff's untimely notice of deposition is hereby STRICKEN, and its untimely document production is subject to exclusion or other sanction under Fed. R. Civ. P. 37(d).[1]

Dated this 1st day of February, 2018.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] If, in the alternative, the parties can reach an agreement regarding a continuance of the trial date and related dates, they may submit a stipulation and order for the Court's signature.

ORDER DENYING MOTION FOR
EXTENSION OF DEADLINES - 3